UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY D. MORAGA,<br><br>                    Plaintiff,<br>    v.<br>HARTMAN, *et al.*,<br><br>                    Defendants. | Case No. 3:25-cv-00030-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Roy Moraga has submitted a civil rights complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-2, 1, 4.) He also moves to consolidate this lawsuit with his later-filed action. (ECF No. 5 ("Motion").) The Court denies Moraga's IFP application because he has over three strikes under the Prison Litigation Reform Act ("PLRA"), and his Complaint does not plausibly allege that he faced an ongoing danger of serious physical injury when he filed it. The Court sets a deadline for Moraga to pay the full $405 filing fee to proceed with this action and denies his Motion.

**II.    DISCUSSION**

The PLRA provides that no prisoner may "bring a civil action or appeal a judgment in a civil action or proceeding" under IFP status "if [he] has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Ninth Circuit explained in *Andrews v. Cervantes* that the exception to § 1915(g) applies only if the prisoner makes a plausible allegation that he or she faced "an ongoing danger" of serious physical injury "at the time the complaint was filed." *See* 493 F.3d 1047, 1055-56 (9th Cir.

2007). "The prisoner may meet this requirement by 'alleging that prison officials continue with a practice that has injured him or others similarly situated in the past,' or that there is a continuing effect resulting from such a practice." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (cleaned up) (quoting *Andrews*, 493 F.3d at 1057). If the prisoner satisfies the exception, it applies to the entire complaint—not on a claim-by-claim basis or limited to certain types of relief. *See Andrews*, 493 F.3d at 1052.

### A.     Moraga Has Four Strikes Under the PLRA.

Moraga initiated this lawsuit on January 14, 2025 while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-2.) On February 11, 2016, Moraga commenced the action styled *Moraga v. Wolfson*, Case No. 2:16-cv-00287-JCM-VCF ("*Wolfson*") while he was incarcerated at Ely State Prison. (ECF No. 1-1 at 1.) On March 4, 2019, the district court dismissed the action, finding that Moraga failed to state a colorable claim for relief. *See Wolfson*; (ECF No. 14). This is Moraga's first strike under the PLRA. *See* 28 U.S.C. § 1915(g). Moraga appealed the dismissal, and, on February 6, 2020, the Ninth Circuit dismissed his appeal as frivolous. *See Wolfson*; (ECF Nos. 18, 28, 31) (Appeal No. 19-16496). This is Moraga's second strike under the PLRA. *See* 28 U.S.C. § 1915(g).

On October 28, 2021, Moraga commenced the lawsuit styled *Moraga v. Inmate Banking*, Case No. 3:21-cv-00461-MMD-CLB ("*Inmate Banking*") while he was incarcerated at NNCC. (ECF No. 1-1 at 1.) On March 29, 2022, the district court dismissed the action, finding that Moraga failed to state a colorable claim for relief. *See Inmate Banking*; (ECF No. 3). This is Moraga's third strike under the PLRA. *See* 28 U.S.C. § 1915(g).

On October 6, 2021, Moraga commenced the lawsuit styled *Moraga v. Jane Doe #1*, Case No. 3:21-cv-00440-ART-CSD ("*Jane Doe*") while incarcerated at NNCC. (ECF No. 1-1 at 1.) On April 8, 2022, the district court dismissed the action, finding that Moraga failed to state a colorable claim for relief. *See Jane Doe*; (ECF No. 7). This is Moraga's fourth strike under the PLRA. *See* 28 U.S.C. § 1915(g).

### B. Moraga's Complaint Does Not Satisfy § 1915(g)'s Exceptions.

As outlined above, on four occasions before Moraga initiated this action, federal courts dismissed civil actions and appeals that Moraga commenced while he was detained or incarcerated because the proceedings were frivolous or failed to state a claim upon which relief could be granted. Thus, to be granted IFP status and proceed in this action without pre-paying the full $405 filing fee, the Complaint must plausibly allege that Moraga faced "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

Moraga alleges that a prison official threatened to file disciplinary charges against him if he resubmitted his grievance at the second level. (ECF No. 1-2 at 4-5.) Moraga also alleges that a correctional officer deprived him of his leather boots. (*Id.* at 6.) There are no factual allegations that Moraga faced "an ongoing danger" of "serious physical injury" when he filed the Complaint. Because the Complaint does not satisfy § 1915(g)'s imminent danger exception, Moraga must pre-pay the full $405 filing fee if he wants to proceed with this civil rights action. Moraga's IFP application is therefore denied.

### III. CONCLUSION

It is therefore ordered that Moraga's IFP application (ECF Nos. 1, 4) is denied because this state prisoner has four strikes under the PLRA, and the complaint does not satisfy 28 U.S.C. § 1915(g)'s imminent danger exception.

It is further ordered that this action will be dismissed without prejudice unless Moraga pays the full $405 filing fee by October 4, 2025.

It is further ordered that Moraga's motion to consolidate cases (ECF No. 5) is denied without prejudice.

DATED THIS 4th Day of September 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE