UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROY D. MORAGA, | Case No. 3:25-cv-00030-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| HARTMAN, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

*Pro se* Plaintiff Roy Moraga brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations he allegedly suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 1-2.) On September 4, 2025, the Court denied Moraga's *in forma pauperis* application and ordered him to pay the full $405 filing fee by October 4, 2025 because he had three strikes under 28 U.S.C. § 1915(g). (ECF No. 6.) The Court warned Moraga this action would be dismissed if he failed to timely comply. (*Id.* at 3.) That deadline expired, and Moraga failed to pay the filing fee, move for an extension, or otherwise respond.

**II.  DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate … dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, courts must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Moraga's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires courts to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Moraga pays the $405 filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Therefore, the fifth factor favors dismissal.

### III.   CONCLUSION

Having thoroughly considered the above factors, the Court finds they weigh in

1  favor of dismissal. It is therefore ordered that this action is dismissed without prejudice
2  based on Moraga's failure to pay the $405 filing fee in compliance with the Court's order.
3  The Clerk of Court is directed to enter judgment accordingly and close this case. No other
4  documents may be filed in this now-closed case. If Moraga wishes to pursue his claims,
5  he must file a complaint in a new case and pay the full filing fee.

      DATED THIS 14th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE